■ In the Matter of the Claim of FRANK J. NICOLAS, Respondent, v. AUGUST LUCHOW, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal from a decision of the Workmen's Compensation Board, filed January 26, 1968. The claimant was employed as a dishwasher and silverman in appellant's restaurant for a period of more than nine years. He worked an eight-hour daily shift from 12:00 noon to 8:00 P.M. On June 10, 1965, the day of the alleged accident, claimant's work entailed the separation of soiled silverware, china dishes, cups, coffee pots, etc., for cleaning in a dishwashing machine. Claimant would stand at a table and separate the knives, forks and spoons and place them in water under the table. Cups and glasses would be separated and placed in wire baskets which he would slide down a slanting ramp which was part of the table, to another person who fed them into a dishwashing machine. The coffee serving pots, which varied in size from between 1 and 15 cups, were also placed in wire baskets located on a shelf above the table. The table at which claimant worked was 36 inches high. Above this table were two shelves, the top one upon which the baskets for the coffee pots were located, was pitched at a 45 degree angle and began its rise upward at a point 59 inches above the kitchen floor. After a wire basket was filled with various size coffee pots the claimant would have to reach up and stretch as far as he could and lift the basket up off the shelf and down to the table where it would be slid along to the washing machine. The record contains various estimates of the weight of the coffee pots — the board quotes the finding of the consulting engineer that the weight was 30 pounds. The board found that the lifting of a " heavy rack of coffee pots in a hot and humid restaurant kitchen * * * was arduous and strenuous exertion more than the ordinary wear and tear of life and precipitated an acute myocardial infarction." Dr. Shub's testimony, when considered in its entirety, establishes causal relationship between the claimant's work and his heart attack. The doctor was shown an exhibit of the kitchen with the location of the shelves and other details and stated that the work activity called for " effort ". In his opinion, considering the work that the claimant testified he had been performing, the cumulative work effort was responsible for the pain in his chest "while lifting a heavy rack of coffee pots " and " precipitated the acute myocadial infarction ". Work overhead with arms and body stretched upward has frequently been held to have satisfied the requirement of unusual or excessive strain. (*Matter of Cronberg* v. *Lenmar Holding Corp.*, 17 A D 2d 885, and cases there cited; *Matter of Jessup* v. *Jessup & Stevens Garage*, 12 A D 2d 699, affd. 10 N Y 2d 854; *Matter of Sawatzki* v. *Friedman*, 4 A D 2d 907, mot. for lv. to app. den. 3 N Y 2d 710.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J.,

Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Herlihy, J.